**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3696-16T2

LINDA B. JONAS,

    Plaintiff-Respondent,

v.

EDWIN R. JONAS, III,

    Defendant-Appellant.

_____

        Submitted May 16, 2018 — Decided August 17, 2018

        Before Judges Nugent and Geiger.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-0259-89.

        Edwin R. Jonas, III, appellant pro se.

        Linda B. Jonas, respondent pro se.

PER CURIAM

    Defendant Edwin R. Jonas, III, was once a prominent Haddonfield attorney. His undoing has been his inexplicable, obstinate, unlawful, and decades-old refusal to pay child support and alimony obligations that have accumulated since his 1990 divorce. The extreme measures he has taken over the years to

avoid his obligations include removing the parties' children from the country, attempting to dissipate assets, making false statements to the court, and fleeing the jurisdiction.

There have been ten post-judgment appeals involving this action.[1] This is the eleventh. Here, defendant appeals from an April 7, 2017 order denying the following relief: modification of a May 4, 2006 order; vacation of October 22, 1996, May 19, 1999, and May 23, 2006 orders; and costs and counsel fees. Defendant also appeals the grant of plaintiff Linda B. Jonas' cross-motion to enforce litigant's rights by compelling compliance with May 4, 2006, January 30, 2008, and December 29, 2011 orders. Lastly, defendant appeals from an April 11, 2017 order denying his motion to transfer venue.

On appeal, defendant argues the following points: (1) the trial court erred in applying the fugitive disentitlement doctrine; (2) all judges of the Camden County Superior Court should recuse themselves due to the appearance of impropriety; (3) the judge who decided these motions ethically erred by ruling on the underlying motions before determining defendant's motion for a

---

[1] The previous appeals, which detail this action's lengthy procedural history, are: Nos. A-3104-90, A-4322-90, A-1309-91, A-1431-93, A-1342-95; consolidated appeal Nos. A-3734-95 and A-1950-96 (App. Div. Dec. 19, 1997); No. A-5857-98; No. A-5241-05 (App. Div. Jan. 30, 2008); and No. A-1118-10 (App. Div. Dec. 29, 2011).

change in venue; (4) defendant was denied due process because of the lack of notice of the motion hearing and lack of an impartial tribunal; and (5) the motion judge erred by barring defendant from filing any further applications and by refusing to hear the merits of defendant's motions.

Defendant's arguments are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief comments.

In one of the relatively early post-judgment proceedings, defendant misrepresented to the court that he did not intend to either leave the State with the parties' three children or liquidate assets. He then left the country with the children, bought a home in the Cayman Islands, and attempted to sell a convenience store he owned. Jonas v. Jonas, Nos. A-3734-95 and A-1950-96 (App. Div. Dec. 19, 1997) (slip op. at 4-6).

In consequence, on January 12, 1996, a Family Part judge entered an order directing title to defendant's property in Medford, his condominium in Florida, and his convenience store be transferred to plaintiff. The order authorized plaintiff to "hold, sell, liquidate or otherwise dispose of same for creation of a constructive trust to ensure payment of spousal and child support." Id. at 10-11. The order further provided the net proceeds of the

sales should be held in trust by plaintiff's counsel and used to pay outstanding support orders. Id. at 11.

We affirmed these orders. Id. at 26-27. In doing so, we noted if defendant returned to the jurisdiction and complied with the orders, the order of January 12, 1996, which required plaintiff to maintain records of the trust, gave defendant "the means to hold the plaintiff accountable" for any diversion. Id. at 27.

In a subsequent appeal, we recounted that in 2006 a Family Part judge, considering a motion by plaintiff to enforce litigant's rights and a cross-motion by defendant to compel an accounting of the constructive trust, invoked the fugitive disentitlement doctrine and dismissed defendant's cross-motion without prejudice. Jonas v. Jonas, No. A-1118-10 (Dec. 29, 2011) (slip op. at 3). We noted we had previously affirmed the Family Part judge's invocation of the doctrine, as well as the judge's dismissal of defendant's cross-motion. The judge dismissed defendant's cross-motion without prejudice to future consideration provided defendant personally appeared and posted a surety bond to cover all outstanding judgments. Ibid. We continued:

> Despite the clarity of this court's 1997 decision, which conditions defendant's right to seek an accounting and appointment of an independent trustee on compliance with court orders, and the 2008 decision approving application of the fugitive disentitlement doctrine, defendant has not posted bond in the

4

judgment amount, personally appeared in court or even filed a certification signed by him. Instead, he filed identical, consecutive motions to vacate orders entered prior to 2008 and compel an accounting and appointment of an independent trustee. Defendant's only argument respecting his entitlement to be heard on the motions was his attorney's representation that he could not locate an arrest warrant.

[Ibid.]

In the case before us, without posting a bond, defendant moved for an accounting. He is now apparently willing to appear in court. He makes numerous allegations of impropriety against his former wife and her attorney, and he repeatedly refers to the value of the property that the court ordered sold to enforce his support obligations. Conspicuously absent from his pleadings is any mention of the current sum of money he owes for twenty-eight years of accumulated alimony and child support, including medical and educational expenses for his children. Also missing is any mention of any attempt he ever made to voluntarily pay so much as one month of alimony or child support.

In view of defendant's continuing refusal to comply with court orders and post a bond for either past judgments or current support arrearages, we find no error in the trial court's dismissal of his motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5                                                    A-3696-16T2